## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY LEE HONAKER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-02703 |
| DIVERSIFIED CONSULTANTS, INC | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, TERRY LEE HONAKER ("Plaintiff") by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

1

4.   Plaintiff is a 63 year old natural person residing at 603 Ranch Road, Connersville, Indiana, which lies within the Southern District of Indiana.

5.   Plaintiff suffers from a variety of medical issues including throat and tongue cancer.  Due to his health problems, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

6.   Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7.   Defendant identifies itself as "a full service collection agency that can attribute its tremendous success to the training and long-term retention of telecom front line employees."[1] From its headquarters at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

8.   Defendant is a Florida corporation that is registered with the Indiana Secretary of State under identification number 2002080800605 and regularly collects consumer debts in Indiana.

9.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1994.[2]

<u>FACTS SUPPORTING CAUSES OF ACTION</u>

11.   For many years Plaintiff had cellular phone service through Verizon Wireless ("Verizon") for which he made monthly payments.  *See* attached Exhibit A is a true and correct copy of an Affidavit signed by Plaintiff.

---

[1] http://www.dcicollect.com/about/dci-about.html
[2] http://www.acainternational.org/memberdirectory.aspx

12.  Due to Plaintiff's serious health issues he became unable to work and fell into financial hardship causing him to default on many outstanding accounts, including Verizon ("subject consumer debt"). *See* Exhibit A

13.  Upon information and belief, the subject consumer debt was turned over to Defendant for collections.

14. On October 28, 2010, Plaintiff and his wife, Marguerita Isabel Honaker ("Marguerita"), caused to be filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana under case number 10-16386-JKC-7 ("Bankruptcy Case").  *See* attached Exhibit B is a true and correct copy of the docket from the Bankruptcy Case.

15.  Plaintiff included the subject consumer debt in his Bankruptcy Case.  *See* Exhibit C is a true and correct copy of Schedule F from the Plaintiff's Bankruptcy Petition.

16.  By virtue of being listed as a creditor in the Bankruptcy Case, a Notice of Chapter 7 Bankruptcy Case, was sent to Verizon Wireless and the Defendant.  *See* attached Exhibit D is a true and correct copy of the BNC Notice of Chapter 7 Bankruptcy.

17.  The Notice of Chapter 7 Bankruptcy Case contained a paragraph which read in part:

> "The filing of the case imposed an automatic stay against most collection activities.  This means creditors generally may not take action to collect debts from the debtors or the debtors' property.  For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors.  Creditors cannot demand repayment from debtors by mail, phone, or otherwise.  Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees."

18. The Plaintiff and his wife, Marguerita, were discharged from their Chapter 7 Bankruptcy on February 9, 2011. *See* attached Exhibit E a true and correct copy of the BNC Notice of Discharge.

3

19.   On or about September 27, 2016 Marguerita received a missed call on her cell phone (765) 698-5149 from (317) 982-5387, which, upon information and belief is a number Defendant uses to conduct collection activities.  *See* attached Exhibit F is a true and correct photocopy of a screenshot of Marguerita's cell phone call log.

20.  Not recognizing the number, Marguerita did not answer.  *See* Exhibit A.

21.  Later that same day, Plaintiff called back that same number and was connected to a representative from Defendant.  *Id.*

22.  Defendant's representative disclosed himself as a debt collector attempting to collect a debt on behalf of Verizon.  *Id.*

23.   Realizing that the subject consumer debt was included in the Bankruptcy Case, Plaintiff informed Defendant that he had filed bankruptcy.  Defendant's representative responded by abruptly hanging up on Plaintiff.  *Id.*

24.   Confused and concerned that Defendant would continue to contact him and his wife regarding the subject consumer debt, Plaintiff spoke with CLP regarding his rights.

25.  Plaintiff has suffered economic harm as a result of Defendant's collection actions.

26.  Plaintiff has been compelled to question the validity of the Bankruptcy Case and protections afforded to him as a result of Defendant's collection actions.

27.  Plaintiff has been inconvenienced and misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28.  Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29.  The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§1692e, e(2)(A), and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. §§1692f and f(1).

30.   Defendant violated 15 U.S.C. §§1692d, e, e(2)(A), e(10), f, and f(1) through its debt collection activities.  By virtue of the Bankruptcy Case and resulting automatic stay under section §362 of the bankruptcy code, Defendant was estopped from engaging in collection activity on the subject consumer debt.  In contacting Plaintiff and Marguerita on the subject consumer debt, Defendant engaged in illegal collection activity that directly violated the FDCPA.

31.   By seeking payment on the subject consumer debt, Defendant engaged in false and deceptive behavior as the debt was not legally enforceable at the time of the communications.  As an experienced and sophisticated debt collector, Defendant knows it has an affirmative duty to make sure that the debt it is seeking collection on can legally be pursued.  Even a cursory investigation by Defendant would reveal that Plaintiff filed the Bankruptcy Case.

32.  As plead in paragraphs 24 through 27, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, TERRY LEE HONAKER, respectfully requests that this

Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 9, 2016                    Respectfully Submitted,

s/ Daniel M. Spector
Daniel M. Spector, Esq. #6301224
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
Daniel.s@consumerlawpartners.com
davidklain@aol.com